Chief Justice Marshall
delivered the opinion of the Court.
Ford and Shanklin as parties of the one part, agreed with Bronaugh, of the other part, by written articles, to commence, prosecute, and complete in plain neat style, the wood-woi’k of a tavern house, consisting of a front building and an ell, in due time after the timber should be furnished; on the completion of which, Bronaugh and his security bound themselves to pay Ford and Shanklin $750, “it being the sum agreed on by the parties for the above named work, four hundred and fifty dollars due to the said Ford when the work of the front is complete, and the rest due to the said Shanklin when the work of the ell is complete.”
Upon this covenant, Ford brought an action of covenant in his own name, for the $450 due him by the contract on completion of the front building. The declaration makes all necessary averments as to the progress and completion of the work on that building, and also made similar averments as to the work on the ell, but alleged only the non-payment of the $450 due to the plaintiff. The defendants demurred to the declaration, and also filed a plea denying seriatim all the averments in reference to both buildings, to which the plaintiff demurred. Both demurrers were overruled, and on the trial the plaintiff, after proving all the averments as to the work on the front building and its completion, offered to introduce Shanklin the co-party to the contract as a witness, who being objected to was rejected by the Court. The plaintiff also moved to amend his declaration by striking out the averments as to the completion of the ell, which was not allowed. And there *15 being no proof that the ell was completed according to agreement before the commencement of the suit, the Court on motion of the defendants instructed tbe jury to find as in a case of a non-suit. The several opinions of the Court above stated were excepted to, and also constituted the grounds of a motion for a new trial which was overruled. And a verdict and judgment having been rendered for the defendants, the plaintiff brings the case to this Court.
If a eovenarv be to A and B, but to perform a distinct duty to ■each, they have each a separate cause of action upon failure to perform: (t Chit. Plead., Springfield edition of 1833, page 11, and eases cited in notes y and z)
The main questions in the case are whether the plaintiff can sue alone, and if so, whether the completion of the work on the ell is a precedent condition to his right of action for the sum due him on completion of the front building. Each of these questions depends upon the construction of the same clauses of the contract, and we think both are to be answered in favor of the plaintiff. If the provision for payment had stopped with the stipulation to pay $750 on completion of the work as previously described, the necessary construction would have been that the covenant was to pay the entire sum to both builders jointly and only upon completion of the entire work. They must therefore have sued jointly for the price, and must have averred and proved the completion of both parts of the building. But this general covenant to pay $750 on completion of the whole work, is explained and materially qualified ' by the words immediately following, which divide the work and the price, and create or shew a separate interest in the covenantees in the different parts of the price. Instead, therefore, of there being one entire debt or duty due to both jointly, or only one entire duty due to one of the builders, there are two distinct duties or payments, one of which is due upon a certain condition to one of them, and the other upon a different condition to the other.
In such a case the rule or the exception to a more general rule is expressly and well settled, “that although the covenant be in its terms joint, (as with A. andB. to pay them £10 each,) yet the distinct interest of each in a separate subject matter shall attract to *16 each covenantee, an exclusive right of action in regard to his own particular damage.” (1 Chit. Pl. Springfield 1833, page 11, and casesfcited notes Y and Z.)
B and S covenanted to build a house, consisting of front and ell, for $750— $400 to be paid to B on the completion of the front, and $300 to S on. completion of the ell. Held that B alone might maintain covenant for non-payment of the $450 on the completion of the front, and S was a competent witness for B in such case.
*16 But here there is no express covenant to pay to the builders jointly even the entire sum of $750, and the construction that they are joint covenantees would, in the absence of the explanatory and discriminating words which follow, arise from the fact that they jointly undertake the performance of the work which is the consideration of the covenant. But the explanatory Stipulations leave no room for construction or implication with regard to the persons to whom the several duties or payments are to be paid. And even if the covenant were expressly, as it may be. by construction, “to and with Ford and Shanklin to pay $750 on completion of the whole work, (followed by the words,) that is to pay Ford $450 on completion of the front building, and to pay Shanklin the rest (of the $750) on completion of the ellthere could be no doubt of the separate interest and right of action of eachTfor his portion upon the completion of that part of the work for which his portion of the pricers to be paid. And the completion of the other part of the work would not be, and is not, a condition precedent. What effect a total failure to go on with the other part of the work by the negligence of the undertakers, might have upon this right (under the last clause of the contract which has not been recited,) we need not enquire, as a failure in that respect, if it exist, is matter of defense, and need not have been expressly negatived by the declaration.
From these views it follows, 1st, that as the interest of Ford and Shanklin in the covenant for payment, and in the sum to be paid, was separate, Ford might maintain his separate action, and that Shanklin not being a party nor interested therein, was, so far as appears, a competent witness; 2nd, that as the completion of the work on the ell was not a condition precedent to the plaintiff’s right of aotion and recovery, the failure to prove it was no ground for a non-suit. And, 3rd, that *17 the averments of the completion of that part of the work being unnecessary, might and ought to have been stricken out on the plaintiff’s motion. But as it was not necessary to prove them, it was not material whether they were in or out of the declaration. So much of the plea as controverts them, presents an immaterial issue, and should have been stricken out or disregarded, instead of being made the basis of a non-suit.
And the failure to prove the com pletion of the ell in such case, held to he no ground for non-suit.
Matter averred in a declaration, and denied, which is immaterial, should be stricken out upon request of plaintifii
Harlan for appellee.
Wherefore, the judgment is reversed with costs, and the cause remanded for a new trial without payment of costs.